IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 1:90cr348 |
| | ) | |
| XIAMARO E. HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The matter is before the Court on defendant's motion to reconsider its previous Order denying her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Hernandez* ("Hernandez II"), 371 F. Supp. 2d 788 (E.D. Va. 2005).

Defendant seeks reconsideration of the holding that *United States v. Booker*, 125 S. Ct. 738 (2005), cannot be applied retroactively to cases already final on direct appeal. In an attempt to avoid this conclusion, she argues that because both crack and powder cocaine establish different base offense levels under the Sentencing Guidelines, the presence of one drug or the other is an *offense-defining fact*, as opposed to a *sentence-enhancing fact*, and must be proven to a jury beyond a reasonable doubt. Yet, this distinction is without merit. The Supreme Court held in *Booker* that, under a mandatory sentencing guidelines regime, *all* sentencing guideline factors are offense-defining factors that must be proven beyond a reasonable doubt to a jury; this is true whether the fact found is a *baseline-setting fact* or a *baseline-enhancing fact*. The issue is not whether such a mandatory regime is unconstitutional; that was settled in *Booker*. The issue is whether *Booker*'s holding is a "watershed" procedural change that applies retroactively to matters that were final on direct appeal at the time *Booker* was decided. And the analysis recited in the Court's Order applies with equal force to judicially found facts that establish a base level

offense under the sentencing guidelines, including drug type, as it does to facts that enhance that base level. As the Supreme Court reasoned in *Schriro v. Summerlin*, 124 S. Ct. 2519 (2004), a decision that shifts the fact-finding role in sentencing from the judge to the jury is not a watershed change "without which the likelihood of an accurate conviction is *seriously* diminished" because it is "implausible that judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice." *Id.* at 2525. And in the end, the "only change [resulting from the Supreme Court's decision in *Booker* is] the degree of flexibility judges ... enjoy in applying the guideline system." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Thus, the rule announced in *Booker* is not a "watershed" change that fundamentally improves the accuracy of the criminal process, whether the judge is finding a baseline-setting fact or a baseline-enhancing fact.

    Accordingly,

    It is **ORDERED** that petitioner's motion to reconsider its previous Order denying her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

    The Clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the ended causes.

/s/
_____

Alexandria, Virginia  
August 2, 2005

T. S. Ellis, III  
United States District Judge